IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SEAN EARLE | § | |
| v. | § | CIVIL ACTION NO. 6:13cv222 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Sean Earle, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Earle was confined in the Wood County Jail at the time he filed his petition, but was subsequently transferred to the Texas Department of Criminal Justice, Correctional Institutions Division. He complains that he is being held in jail pursuant to a motion to revoke probation, to which he had been sentenced for the offense of failure to appear. This charge grew out of cause no. 20788-2009, in which Earle had been charged with injury to a child, elderly person, or disabled person. Earle says that he appeared in court in that case in February or March of 2010 and was told by the judge to request a court-appointed attorney, which he did; however, no attorney was ever appointed. Another hearing was scheduled for April 26, 2010, but Earle did not receive notice of it and did not have counsel appointed, so he did not appear in court, resulting in the charges of failure to appear.

Earle states that an attorney named Patrick Daley was appointed to represent him in the failure to appear case, but Daley provided him with ineffective assistance, including putting him on the witness stand when he did not want to testify. Earle states that the underlying charge of injury was dismissed, which he claims deprived the trial court of jurisdiction to convict him in the separate case of failure to appear. He argues that he was subjected to cruel and unusual punishment, he was wrongfully incarcerated, he was denied due process, the judgment is void, his rights under the Americans with Disabilities Act were violated, he received ineffective assistance of counsel, he was denied a competency exam, and the trial court erred in failing to grant him relief.

The Respondent was ordered to answer the petition and has filed a motion to dismiss, arguing that Earle failed to exhaust his state remedies. The Respondent states that Earle was found guilty of failure to appear and sentenced to two years of community supervision, but this was revoked on April 15, 2013. Earle was thereupon sentenced to two years in prison.

The Respondent states that Earle did not appeal the original conviction or the revocation of his community supervision, nor has he sought state habeas corpus relief. The Respondent points out that Earle's federal habeas petition was file-stamped on March 6, 2013, some five weeks before his community supervision was revoked. Because Earle has not presented any of his claims to the highest court for the State of Texas, the Respondent maintained that the petition should be dismissed for failure to exhaust. Earle filed a response to the motion to dismiss, but this motion did not mention the exhaustion of state remedies other than through the bare assertion that counsel did not appeal the conviction.

After review of the pleadings, the Magistrate Judge issued a Report on October 3, 2013, recommending that the motion to dismiss be granted and that the petition be dismissed without prejudice for failure to exhaust state remedies. After an extension of time, Earle filed objections to the Report on December 9, 2013.

In his objections, Earle argues that the denial of counsel at his arraignment amounts to a "fundamental miscarriage of justice" because the Federal Rules of Criminal Procedure provides that

2

the right to counsel attaches at the defendant's initial appearance. He reiterates that he did not receive notice that he was required to appear for docket call, and in fact did not know that there was a docket call scheduled. Had he been appointed counsel at his arraignment, Earle states that he would have known of the docket call and would have been protected from a charge of failure to appear.

Earle goes on to argue that when counsel was finally appointed, the attorney was ineffective for failing to object to the lack of counsel at arraignment, failing to object to the prosecutor "badgering" him on the witness stand, and failing to request a competency exam. He contends that this ineffectiveness was such that prejudice should be presumed and that the failure to appoint him counsel amounts to a fundamental miscarriage of justice.

However, Earle offers no explanation as to why he has not sought habeas corpus relief through the state courts under Article 11.07 of the Texas Code of Criminal Procedure. The Fifth Circuit has stated that exhaustion is not required if it would be "plainly futile," explaining that "an exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996), *citing Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S.Ct. 18, 19 (1981). Earle has wholly failed to show that there is no opportunity to obtain redress in state court or that the corrective process is so clearly deficient as to render futile any effort he may make to obtain relief. Nor has he shown that the failure to consider his claims in a federal habeas proceeding, despite the fact that these claims have never been presented to the state courts, would result in a fundamental miscarriage of justice of such a character as to justify this bypassing of the state courts; to the extent that Earle argues that he is actually innocent of the charge of failure to appear, this claim also must be first presented to the courts of the State of Texas. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and records in this cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 20) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Respondent's motion to dismiss (docket no. 14) is hereby **GRANTED** and the above-styled application for the writ of habeas corpus is hereby **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is further

**ORDERED** that the Petitioner Sean Earle is hereby **DENIED** a certificate of appealability *sua sponte*. The denial of this certificate refers only to an appeal of this case and shall have no effect upon the Petitioner's right to pursue his claims in state court or to refile his petition in federal court once his state remedies are exhausted, if he does not receive the relief sought in state court. Finally, it is

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED.**

**It is SO ORDERED.**

**SIGNED this 12th day of December, 2013.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE